# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **PIERRE CORMIER, et al.**<br><br>　　　Plaintiffs,<br><br>vs.<br><br>**WESTERN EXPRESS, INC., et al.**<br><br>　　　Defendants. | Case No. 3:14-cv-0029<br>Judge Trauger<br>Magistrate Judge Bryant |

## INITIAL CASE MANAGEMENT ORDER

**(A) JURISDICTION:** With respect to the Complaint's allegations of violations of the Fair Labor Standards Act ("FLSA"), the jurisdiction of the Court is established pursuant to the provisions of 28 U.S.C. § 1331 (i.e., federal question jurisdiction). However, with respect to the Complaint's allegations of various violations of the California Labor Code, the jurisdiction is in dispute and has been challenged by Western Express, Inc's ("Western") Partial Motion to Dismiss Plaintiffs' California State Law Based Claims and accompanying Memorandum in Support. The Complaint asserts that the Court's jurisdiction over the California claims is established through supplemental jurisdiction pursuant to 28 U.S.C. § 1367 and through original jurisdiction pursuant to 28 U.S.C. § 1332(d).

**(B) BRIEF THEORIES OF THE PARTIES:**

　　**(1) PLAINTIFF:** Plaintiffs contend that Defendants systemically violated the FLSA and the California Labor Code's minimum wage provisions. Specifically, Plaintiffs contend that

Defendants required all newly hired drivers to attend a week-long orientation to learn the procedures and rules of Defendants and did not pay drivers at all for such time worked.

Second, Plaintiffs contend that Defendants required certain drivers, including Named Plaintiffs Cormier and Harmon, to train over-the-road with another truck driver for at least 30 days. During this time, regardless of the number of hours worked, Defendants paid drivers a flat salary of $375 per workweek. Because Defendants did not in any manner attempt to determine the number of applicable working hours of each driver, and instead paid a flat salary, Defendants regularly violated the minimum wage provisions of the FLSA and the California Labor Code during the class period.

Third, following training, Defendants paid drivers a mileage rate which resulted in payments below the federal minimum wage and, for applicable California drivers, below the California minimum wage. Plaintiffs have cited specific examples in their complaint with their pay, as a result of said policy, was well below minimum wage.

Finally, Defendants failed to pay at least minimum wage for overnight travel which kept Plaintiffs and class members away from home overnight. (*See* 29 C.F.R. §785.39).

Accordingly, Plaintiffs assert that Defendants have and continue to violate the minimum wage provisions of the FLSA and the California Labor Code.

**(2) DEFENDANT:** Western denies that it is liable to Plaintiffs under any purported theory in the Complaint. Western denies that it has committed any violation of the provisions of the FLSA or the California Labor Code. Western does not have a contested practice or policy that violates either the FLSA or the California Labor Code. Additionally, Western submits that the putative collective and class action is inappropriate under the provisions the FLSA and under Rule 23 of the Federal Rules of Civil Procedure. The claims of the putative class and collective

members reflect significant individual variability, which would require the Court to engage in numerous individualized determinations if such class and/or collective action were certified in this matter.

With respect to the Plaintiffs' claims under the California Labor Code, Western has filed a Partial Motion to Dismiss (DE 27), based on lack of subject-matter jurisdiction and Plaintiffs' failure to state a claim upon which relief can be granted. With respect to subject-matter jurisdiction, this Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) because the Plaintiffs' claims under the California Labor Code raise novel, unresolved issues of state law, the resolution of which would substantially predominate over the FLSA claims. Additionally, this Court should decline to exercise original jurisdiction over the California claims pursuant to 28 U.S.C. § 1332(d) because the Plaintiffs failed to allege that the matter in controversy exceeds the sum of $5,000,000, which they were required to do. This Court should also dismiss the Plaintiffs' California Claims for failure to state a claim upon which relief can be granted. First, the maintenance of a Rule 23 Class Action, which raises unsettled questions of California state law, is inherently incompatible with the procedures, mechanisms, and policy considerations associated with an FLSA collective action. Second, the application of the California claims to non-California resident Plaintiffs would constitute a prohibited extraterritorial extension of state law in violation of the Commerce Clause.

Western is a commercial motor carrier that hauls general commodities in interstate commerce for its customers. Western is a privately owned corporation, with its corporate headquarters in Nashville, Tennessee. Western's principal office is located in Nashville, Tennessee. Western has terminals in Fontana, California and Nazareth, Pennsylvania. Western employs commercial truck drivers to haul freight for its customers, for which it pays drivers

competitive compensation that meets or exceeds the requirements of the Fair Labor Standards Act and the California Labor Code.

Western has implemented a pre-employment qualification program that is designed to assess the candidacy of drivers' applications for future employment with the Company. Only when such qualifications are established does Western offer employment to those qualified applicants. Accordingly, any such allegation by "Initial Orientation Plaintiffs" must fail for lack of proof of an employment relationship under the FLSA and the California Labor Code.

Additionally, as commercial truck drivers for Western, Plaintiffs were required to comply with federal regulations governing drivers' hours of service ("HOS") under the Federal Motor Carrier Safety Act and Western's corresponding company policy. As such, Plaintiffs were required to accurately log and record their time when on duty and working. The HOS regulations state "on-duty time means all time from the time a driver begins work or is required to be in readiness to work until the time the driver is relieved from work and all responsibility for performing work." 49 C.F.R. § 395.2. Western trains its drivers regarding the proper logging of hours and requires its drivers to record and log their time worked correctly and as required by the HOS regulations. Plaintiffs were solely responsible for accurately logging and recording their time and hours worked, and the corresponding time and hours while off duty and not working.

Pursuant to company policy, when Western's drivers are in off-duty periods, they are completely relieved of their duties. Plaintiffs' claims that they were on duty or "on assignment" for, or for over, twenty-four (24) hours are without merit. Any such claimed off-the-clock work was unauthorized and unknown by Western, and unreported by Plaintiffs, contrary to their obligations under company policy and the HOS regulations. Plaintiffs cannot prove that they were not properly compensated for all compensable hours worked or that Western failed to

compensate its commercial truck drivers in accordance with the FLSA and the California Labor Laws.

Western further incorporates by reference its responses and defenses to Plaintiffs' claims as set forth in Western's Answer to Plaintiffs' Complaint.

**(C) ISSUES RESOLVED:** No issues resolved at this time.

**(D) ISSUES STILL IN DISPUTE:** All of the factual allegations set forth in Plaintiffs' Complaint or otherwise claimed by Plaintiffs in support of their claims for relief except those specifically admitted in Western's Answer. Additionally, the issue of jurisdiction over Plaintiffs' California claims is in dispute and is the subject of Western's Partial Motion to Dismiss Plaintiffs' California State Law Based Claims and accompanying Memorandum in Support, which is currently pending before the Court.

**(E) INITIAL DISCLOSURES:** Pursuant to this Court's Notice of Setting of Initial Case Management Conference (DE 4) and Fed. R. Civ. P. 26(a)(1), the Parties must make their initial disclosures within 14 days after the initial case management conference. The Parties respectfully request that this Court allow them to make their Rule 26 initial disclosures on or before April 21, 2014, which is 21 days after the initial case management conference. The Parties are not making this request for the purpose of improper delay and respectfully submit that neither the parties nor the Court will be prejudiced by this brief extension of time.

**(F) DISCOVERY:** The Parties propose that discovery be handled in two stages with the first

stage focused on pre-certification merits and/or class related discovery, including discovery from the Named Plaintiffs and any additional opt-in plaintiffs up to a maximum of ten (10) such opt-in plaintiffs, prior to Plaintiffs' filing of their potential motion for Rule 23 class action certification and their motion for conditional certification of collective action under the FLSA. The Parties propose staying any discovery with respect to Plaintiffs' California state law claims under Rule 23 until the Court rules upon Western Express's Partial Motion to Dismiss Plaintiffs' California State Law Based Claims.

All first-stage discovery will be completed on or before July 31, 2014. Plaintiffs will file any certification motions by no later than August 15, 2014. Should Plaintiffs file any certification motions prior to July 31, 2014, Defendant may move, upon good cause shown under the standards for modifying a scheduling order under Rule 16, for completion of needed discovery and a corresponding delay in responding to the certification motions. Otherwise, Defendant shall file its response within 30 days of the filing of Plaintiffs' motions, and Plaintiffs shall file their reply, if any, within 14 days of the filing of Defendant's response.

The second stage of discovery will follow the Court's ruling on Plaintiffs' motion(s) for certification. If the Court grants one or both of Plaintiffs' motions, the Parties will have an additional six (6) months of fact discovery after the end of the latest opt-in notice period established by the Court. If the Court denies Plaintiffs' motion(s), the Parties will have an additional seventy-five (75) days of fact discovery after the Court's issuance of its decision denying the motion(s).

The Court will schedule a second case management conference with the Parties following its ruling on the motion(s) for certification to establish additional deadlines in this matter. The deadlines for motions to decertify, for additional discovery, for expert disclosures and discovery,

and for additional matter as appropriate, will be established at that conference.

Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the Parties have met and conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

**(G) MOTIONS TO AMEND:** The Parties shall file all Motions to Amend on or before August 15, 2014.

**(H) DISCLOSURE OF EXPERTS:** The Parties will discuss this issue with the Court at the second case management conference.

**(I) JOINT MEDIATION REPORT:** The deadline for filing a joint mediation report will be established at the second case management conference.

**(J) DISPOSITIVE MOTIONS:** The deadlines for filing dipositive motions shall be established at the second case management conference, provided, however, any party may file a motion for partial summary judgment on or before August 15, 2014, consistent with this Paragraph J. Any response to dispositive or partial motions shall be filed within twenty (20) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed <u>35 pages</u>. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file

a separate motion that gives justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

**(K) ELECTRONIC DISCOVERY:** The default standard contained in Administrative Order No. 174 shall apply to this case unless the Parties otherwise reach agreements on how to conduct electronic discovery. The Parties shall confer to discuss the categories of information raised in the Administrative Order No. 174 of the United States District Court for the Middle District of Tennessee on or before April 14, 2014.

**(L) ESTIMATED TRIAL LENGTH:** The parties expect the trial to last approximately 7 days.

It is so **ORDERED.**

_____
Judge Aleta A. Trauger
U.S. District Court

APPROVED FOR ENTRY:

**Respectfully submitted,**

<u>s/ R. Eddie Wayland</u>
R. Eddie Wayland
TN Bar No. 6045
KING & BALLOW LAW OFFICES
315 Union Street, Suite 1100
Nashville, TN 37201
Phone: (615) 259-3456
Fax:    (615) 726-5417

**s/ Richard S. Swartz**
Richard S. Swartz, Esq.
SWARTZ SWIDLER, LLC
1878 Marlton Pike East, Ste. 10
Cherry Hill, NJ 08003
Phone: (865) 685-7420
Fax: (865) 685-7417