IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PIERRE CORMIER, DAVID HARMON, MICHAEL SOWA, and JOHANNES STOLVOORT, *on behalf of themselves and all those similarly situated,*<br><br>Plaintiffs,<br><br>vs.<br><br>WESTERN EXPRESS, INC., and JOHN DOES 1-10<br><br>Defendants. | Case No. 3:14-cv-0029<br>Judge Trauger<br>Magistrate Judge Bryant |

**AGREED PROTECTIVE ORDER GOVERNING DISCOVERY**

**PROTECTIVE ORDER**

WHEREAS, the parties are engaged in the exchange of information and discovery proceedings; and

WHEREAS, some information sought by the parties or contained in the documents sought by the parties is considered to be of a confidential and/or proprietary nature regarding business and/or personal information; and

WHEREAS, the purpose of this Protective Order is to permit the parties to discover such information and documents pursuant to procedures designed to protect the confidentiality of that material and to protect the reasonable expectation of privacy of current and former employees;

IT IS HEREBY ORDERED THAT:

1. Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential or proprietary business information, or (b) that contains private or confidential personal or personnel information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Any party to this litigation or any third party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" (hereinafter "Confidential").

2. Any party to this litigation and any third party shall have the right to designate as "Attorney's Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Attorney's Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only").

3. All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the

receiving party to anyone other than those set forth in Paragraph 4, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential material, provided that such advice and opinions shall not reveal the content of such Confidential material except by prior written agreement of counsel for the parties, or by Order of the Court.

4. Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

    a. Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

    b. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

    c. The Court and court personnel;

    d. Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

    e. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audio-visual aids for use in the courtroom or in depositions or mock jury

sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

  f. The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives and/or officers who are required to participate in decisions with reference to this lawsuit.

  g. Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed the Written Assurance below:

<u>WRITTEN ASSURANCE</u>

  I, _____ (insert name, business position and address), declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that I reside at _____, in the City of _____, State of _____; that I have read and fully understand the Order dated _____, and am engaged as a(n) _____ (insert description of position), on behalf of _____ in the preparation and conduct of the action entitled *Pierre Cormier et al. v. Western Express, Inc. et al*, No. 3:14-cv-0029 (M.D. Tenn.); that I am fully familiar with and agree to comply with and be bound by the provisions of said Protective Order; and that I will not divulge information concerning this matter to persons other than those specifically authorized by said Protective Order except as expressly permitted by the Court on pain of contempt.

  Dated at _____ this ____ day of _____, 201_.

5. Confidential material shall be used only by individuals permitted access to such material under Paragraph 4. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

6. With respect to any deposition of a party to this action that involves a disclosure of Confidential material, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4(a), (b), (c), (e), and (g) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4(a), (b), (c), (e), and (g) above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 3 and 4.

7. Material produced and marked as Attorney's Eyes Only may be disclosed only to outside counsel for the receiving party and to such other persons as counsel for the producing party agrees in advance or as Ordered by the Court.

8. If at any time a party disagrees with a designation of information as Confidential or Attorney's Eyes Only by a party under this Protective Order, the disagreeing party shall notify the designating party in writing that it no longer intends to treat that information as Confidential

or Attorney's Eyes Only. If no agreement between the Parties can be reached, the challenging party may apply to the Court for a ruling as to the confidentiality of the information under Rule 26(c) of the Federal Rules of Civil Procedure. Said application shall set forth in detail the reasons that the challenging party maintains the information is not entitled to Confidential or Attorney's Eyes Only treatment. The designating party shall then have ten (10) days to reply to the challenging party's application as to why the information is entitled to Confidential or Attorney's Eyes Only treatment. The confidentiality of any information for which such an application is submitted shall be maintained until the Court rules on the application. The information shall be entitled to Confidential or Attorney's Eyes Only status unless the Court determines the information is not entitled to such treatment.

9. If the need arises during trial or at any hearing before the Court for any party to disclose Confidential or Attorney's Eyes Only information, it may do so only after giving notice to the producing party and as directed by the Court.

10. Any party seeking to file information which has been designated as Confidential or Attorney's Eyes Only by any other party under this Protective Order or any pleading, motion, or other paper disclosing any information so designated shall file such documents under seal along with an appropriate Motion for permission to file documents under seal.

11. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified within

a reasonable time after disclosure by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential. Such notice shall constitute a designation of the information, document or thing as Confidential under this Protective Order.

12. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

13. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Protective Order.

14. This Protective Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Protective Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

15. This Protective Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

16. Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential material and to destroy, should such source so request, all copies of Confidential material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Protective Order. To the extent a party requests the return of Confidential material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

IT IS SO ORDERED.

This <u>6th</u> day of August, 2014.

                                                ALETA A. TRAUGER
                                              United States District Judge
                                              Middle District of Tennessee

**AGREED AND APPROVED FOR ENTRY**

| By: | By: |
|---|---|
| R. Eddie Wayland | *s/ Justin L. Swidler* |
| TN Bar No. 6045 | Justin L. Swidler |
| R. Douglas Hanson | Richard S. Swartz |
| TN Bar No. 17387 | SWARTZ SWIDLER, LLC |
| Roger D. Scruggs | 1878 Marlton Pike East, Suite 10 |
| | Cherry Hill, NJ 08003 |

TN Bar No. 29381
William H. Choppin
TN Bar No. 31069
KING & BALLOW
Suite 1100
315 Union Street
Nashville, TN 37201
(615) 726-5430
rew@kingballow.com

(856) 685-7420
jswidler@swartz-legal.com

Roland M. Lowell (TN 3874)
Rachel Speller (TN 29258)
7135 Centennial Place
Nashville, TN 37209
(615) 259-9920

Sean R. Richardson
LAW OFFICE NASHVILLE, PLLC
120 Second Ave. South
Nashville, TN 37210

Attorneys for Western Express, Inc.

Attorneys for Plaintiffs